IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, a minor, by and through her Parents, A. Doe and J. Doe, | Civil Action No. _____ |
| Plaintiffs, | |
| v. | |
| PN RESTAURANTS, LLC; NEW CASTLE CHICKEN, LLC; BOARDMAN CHICKEN, LLC; ALEXANDER VILLERS; ANDY HAMILTON; and CHARLES BARR, | |
| Defendants. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff Jane Doe by and through her parents A. Doe and J. Doe,[1] by her undersigned counsel, file this Civil Complaint, and in support thereof, aver as follows:

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3), as amended by the Civil Rights Act of 1991, and 42 U.S.C. § 1331. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

### II. Venue

2. Venue is proper in the Western District of Pennsylvania, in that this action arises out of Plaintiff's employment in Lawrence County and events that occurred in Lawrence County.

### III. Administrative Exhaustion

3. Plaintiff Jane Doe has satisfied all procedural and administrative requirements set

---

[1] Plaintiff and her parents are identified by pseudonyms in light of the allegation herein and that Plaintiff is and was a minor at the time of filing and the time of the events discussed herein.

forth in 42 U.S.C. § 2000e-5, as amended, and 42 U.S.C. §12102, *et seq*. in that:

    a. On February 24, 2023, Plaintiff Jane Doe filed a timely charge with the Equal Employment Opportunity Commission (EEOC) alleging hostile work environment sexual harassment and sex discrimination under Title VII, which was cross-filed as a complaint with the Pennsylvania Human Relations Commission (PHRC) on March 3, 2023.

    b. Plaintiff Jane Doe's PHRC complaint was timely filed. *Nicole B. v. Sch. Dist. of Philadelphia*, 237 A.3d 986 (Pa. 2020) (citing 43 Pa. C.S.A. § 5533(b)(1)).

    c. On August 13, 2024, the EEOC issued a Letter of Determination finding reasonable cause to believe Plaintiff Jane Doe was subjected to unlawful sexual harassment because of her sex as well as constructive discharge.

    d. Plaintiff Jane Doe received a Dismissal and Notice of Right to Sue from the EEOC dated August 20, 2024, and this case was filed within 90 days of receipt of the Dismissal and Notice of Right to Sue.

    e. More than one year has lapsed since the date Plaintiff Jane Doe's PHRC complaint was filed.

## IV.  Parties

4. Plaintiff Jane Doe is a minor individual who brings this claim by and through her parents, A. Doe. and J. Doe, who reside in Lawrence County, Pennsylvania.

5. Defendant, PN Restaurants, LLC ("Defendant PN Restaurants") is an entity with its principal place of business at 301 Routh 17, Suite 802, Rutherford, New Jersey, 07070 and owns and operates various fast-food businesses, including Popeye's Chicken franchises in New Castle, PA and Boardman, OH. At all times relevant hereto, Defendant PN Restaurants was an "employer" within the meaning of 42 U.S.C. § 2000e(b) and 43 Pa. C.S.A. § 955.

6. Defendant, New Castle Chicken, LLC, ("Defendant New Castle Chicken") is a division of PN Restaurants with a principal place of business located at 301 Routh 17, Suite 802,

Rutherford, New Jersey, 07070. The New Castle Chicken division of PN Restaurants operates a Popeye's Chicken franchise in New Castle, PA. At all times relevant hereto, Defendant New Castle Chicken was an "employer" within the meaning of 42 U.S.C. § 2000e(b) and 43 Pa. C.S.A. § 955.

7. Defendant, Boardman Chicken, LLC, ("Defendant Boardman Chicken") is a division of PN Restaurants with a principal place of business located at 301 Routh 17, Suite 802, Rutherford, New Jersey, 07070. The Boardman Chicken division of PN Restaurants operates a Popeye's Chicken franchise in Boardman, OH. At all times relevant hereto, Defendant New Castle Chicken was an "employer" within the meaning of 42 U.S.C. § 2000e(b) and 43 Pa. C.S.A. § 955.

8. Defendants PN Restaurants, New Castle Chicken, and Boardman Chicken (collectively "Employer Defendants") were joint employers as they exerted significant control over Plaintiff; shared the authority to hire and fire employees; shared the authority to promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours; shared day-to-day supervision, including employee training and discipline; and shared control of employee records.

9. At all times relevant hereto Employer Defendants acted or failed to act by and through their duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

10. Defendant Alexander Villers ("Defendant Villers") is an individual residing in Ohio. At the times relevant to this Complaint, Defendant Villers was the General Manager of the New Castle Chicken division of PN Restaurants.

11. Defendant Andy Hamilton ("Defendant Hamilton") is an individual who resides in Pennsylvania. It is believed and averred that Defendant Hamilton was employed by Employer Defendants as a manager overseeing various district or regional divisions of PN Restaurants,

3

including the New Castle Chicken and Boardman Chicken divisions.

12. Defendant Charles Barr ("Defendant Barr") is an individual who resides in Minnesota. It is believed and averred that Defendant Barr was employed by Employer Defendants as a manager overseeing various district or regional divisions of PN Restaurants, including the New Castle Chicken and Boardman Chicken divisions.

V. **Factual Background**

13. In or around March 2022, Employer Defendants hired Plaintiff Jane Doe as a Team Member to work at the New Castle Popeye's restaurant location.

14. Employer Defendants sent Plaintiff Jane Doe to train at the Boardman Popeye's location.

15. After approximately two weeks of training at the Boardman location, Plaintiff Jane Doe began working at the New Castle Popeye's location.

16. Defendant Andy Hamilton participated in Plaintiff Jane Doe's training at the Boardman location.

17. During Plaintiff Jane Doe's training sessions at the Boardman location, Defendant Hamilton created a sexually hostile work environment by making sexual comments to her, including but not limited to:

- "You look good on all fours"; and
- "I'd like to put you over my knees and spank you".

18. Also during Plaintiff Jane Doe's training sessions at the Boardman location, Defendant Hamilton further created a sexually hostile work environment by making sexual comments to other female employees, including but not limited to:

- "[Plaintiff Jane Doe] sucks ... Andy," in a writing (insinuating he wanted her to perform fellatio on him).

4

19. Also during Plaintiff Jane Doe's training sessions at the Boardman location, Defendant Hamilton further created a sexually hostile work environment by engaging in the following physical sexual conduct of her, including but not limited to:

- putting a hose down the front of her shirt and turning on the water;

- taking pictures and videos of her without her knowledge or consent;

- sending her the aforementioned photos or video, stating he wished he was in the photo or video with her and/or wishing that whatever object she was holding (a mop or broom) was him; and

- sending her photos of himself shirtless.

20. Following training, Plaintiff Jane Doe started working at the New Castle location.

21. Defendant Charles Barr, Manager, was one of Plaintiff's Jane's supervisors at the New Castle location.

22. During Plaintiff Jane Doe's employment at the New Castle location, Defendant Barr created a sexually hostile work environment when he made sexual comments to her, including but not limited to:

- telling her that he had a hotel room;

- routinely inviting her to his hotel room;

- giving her a key to his hotel room as an invitation to have sex; and

- stating that he "shelters" young girls, inferring that he takes advantage of their weakness.

23. Also during Plaintiff Jane Doe's employment at the New Castle location, Defendant Barr further created a sexually hostile work environment by engaging in the following physical sexual conduct of her, including but not limited to:

5

- intentionally following her into various rooms and shutting the door behind him, leaving him alone with her;

- attempting to get in very close proximity to her while in the rooms as described immediately above and grabbing her waist; and

- entering the bathroom that she was assigned to clean, locking the door behind him, and trapping her in the bathroom.

24. Defendant Alexander Villers, as General Manager, was also one of Plaintiff Jane Doe's supervisors at the New Castle location.

25. During Plaintiff Jane Doe's employment at the New Castle location, Defendant Villers created a sexually hostile work environment when he made sexual comments to her, including but not limited to:

- "It is hard to be professional around you";

- "I cannot wait until you turn 18";

- "I would like to take you out back" (suggesting they engage in sexual conduct);

- "I am not wearing any underwear"; and

- "It would be easy to see if you turn me on".

26. Also during Plaintiff Jane Doe's employment at the New Castle, PA location, Defendant Villers further created a sexually hostile work environment by engaging in the following physical sexual conduct of her, including but not limited to:

- sending her Snapchat pictures of himself getting out of the shower with a towel around his waist; and

- sending her a photo of himself lying on the bed naked without a towel, revealing his aroused male genitalia.

27. On May 23, 2023, Store Manager Joy Taylor became aware of the above sexual harassment, but failed to take any action to address, remediate or report the sexual harassment of

Defendant Villers to Defendants.

28. Rather, Store Manager Taylor contacted Plaintiff Jane Doe's parents and informed them that Plaintiff Jane Doe was being subjected to a sexually hostile work environment.

29. Later that day, Plaintiff Jane Doe and her parents, together with another co-worker and her parents, went to the local police station to report the above sexual harassment.

30. Defendants' failure to address or remediate the sexually hostile work environment of Plaintiff Jane Doe perpetuated the sexual harassment of Plaintiff Jane Doe and culminated in her constructive discharge on May 23, 2023.

**Count I**
**42 U.S.C. § 2000e, *et seq.* – Sexual Harassment**
**Jane Doe v. Employer Defendants**

31. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

32. Employer Defendants' actions directed to Plaintiff Jane Doe created a sexually hostile work environment.

33. The aforesaid treatment of Plaintiff Jane Doe was intentional and was undertaken by Employer Defendants because of Plaintiff Jane Doe's sex.

34. The aforesaid treatment of Plaintiff Jane Doe was pervasive, regular and severe in that she was repeatedly subjected to offensive, hostile and derogatory work conditions because of her sex.

35. Employer Defendants' aforesaid conduct, through their agents, servants, and employees, detrimentally affected Plaintiff Jane Doe.

36. Employer Defendants' actions, through their agents and servants, would detrimentally affect a reasonable person in Plaintiff Jane Doe's position.

37. Employer Defendants knew of the existence of a sexually hostile environment.

38. Despite such knowledge, Employer Defendants failed to take prompt and adequate remedial action to prevent and to stop the conduct.

39. The actions of Employer Defendants, as set forth above discriminated against Plaintiff Jane Doe in a term and condition of her employment because of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).

40. Employer Defendants' actions were intentional and were taken in reckless indifference to Plaintiff Jane Doe's federally protected right to not be subjected to unwelcome and unwanted conduct of a sexual nature.

41. As a direct and proximate result of Employer Defendants' actions, Plaintiff Jane Doe suffered severe humiliation, inconvenience, mental distress, embarrassment, and like conditions as well as a loss of income and fringe benefits.

WHEREFORE, Plaintiff Jane Doe demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 as follows:

    a. That Employer Defendants be ordered to place Plaintiff into the position she should have had but for Employer Defendants' discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    b. That Employer Defendants be required to compensate Plaintiff for the full value of wages, she would have received had it not been for Employer Defendants' illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one from which Plaintiff was terminated;

    c. That Employer Defendants be required to provide Plaintiff with front pay if the Court determines placing Plaintiff in a similar position is not feasible;

    d. That Employer Defendants be required to compensate

        Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's expected retirement date;

e. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

f. That Plaintiff be awarded punitive damages in an amount to be determined at trial;

g. That Employer Defendants be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

h. That Plaintiff be awarded against Employer Defendants the costs and expenses of this litigation, including a reasonable attorney's fee; and

i. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count II
### 42 U.S.C. § 2000e, *et seq.* – Sex Discrimination
### Jane Doe v. Employer Defendants

42. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

43. Employer Defendants constructively discharged Plaintiff Jane Doe because of her sex, female, in violation of 42 U.S.C. § 2000e-2(a)(1).

44. As a direct and proximate result of Employer Defendants' actions, Plaintiff Jane Doe lost her job and suffered severe humiliation, inconvenience, mental distress, embarrassment, and like conditions as well as a loss of income and fringe benefits.

WHEREFORE, Plaintiff Jane Doe demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 as follows:

a. That Employer Defendants be ordered to place Plaintiff into the position she should have had but for Employer Defendants' discriminatory actions, together with all benefits incident thereto, including, but not limited to wages,

       benefits, training and seniority;

b.    That Employer Defendants be required to compensate Plaintiff for the full value of wages, she would have received had it not been for Employer Defendants' illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one from which Plaintiff was terminated;

c.    That Employer Defendants be required to provide Plaintiff with front pay if the Court determines placing Plaintiff in a similar position is not feasible;

d.    That Employer Defendants be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's expected retirement date;

e.    That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

f.    That Plaintiff be awarded punitive damages in an amount to be determined at trial;

g.    That Employer Defendants be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

h.    That Plaintiff be awarded against Employer Defendants the costs and expenses of this litigation, including a reasonable attorney's fee; and

i.    That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

### Count III
### 43 P.S. § 951, *et seq.* - PHRA
### Jane Doe v. All Defendants

45.    Plaintiff incorporates by reference the preceding allegations as if fully restated herein.

46.    Defendants' harassment, discrimination, failure to accommodate and retaliation against Plaintiff Jane Doe was in violation of the PHRA, 43 Pa. Cons. Stat. Ann. § 955(a) *et seq.*

47. Defendants Villers, Hamilton, and Barr aided, abetted, incited, compelled or coerced unlawful harassment, discrimination, and retaliation against Plaintiff Jane Doe.

48. As a direct and proximate result of Defendants' actions, Plaintiff Jane Doe suffered severe humiliation, inconvenience, mental distress, embarrassment, and like conditions as well as a loss of income and fringe benefits.

WHEREFORE, Plaintiff Jane Doe requests the following:

a. That Employer Defendants be ordered to place Plaintiff into the position she should have had but for Employer Defendants' discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b. That Employer Defendants be required to compensate Plaintiff for the full value of wages, she would have received had it not been for Employer Defendants' illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one from which Plaintiff was terminated;

c. That Employer Defendants be required to provide Plaintiff with front pay if the Court determines placing Plaintiff in a similar position is not feasible;

d. That Employer Defendants be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's expected retirement date;

e. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

f. That Plaintiff be awarded punitive damages against Defendants Villers, Hamilton and Bar in an amount to be determined at trial;

g. That Employer Defendants be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

h. That Plaintiff be awarded against Employer Defendants the costs and expenses of this litigation, including a reasonable

attorney's fee; and

i. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count IV
## Battery
## Jane Doe v. Defendant Andy Hamilton

49. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

50. Defendant Hamilton committed acts of harmful or offensive touching of Plaintiff Jane Doe, including putting a hose down the front of her shirt and turning on the water.

51. Plaintiff Jane Doe did not consent to the aforementioned harmful or offensive touching by Defendant Hamilton.

52. As a direct and proximate result of Defendant Hamilton's conduct, Plaintiff Jane Doe suffered severe humiliation, inconvenience, mental distress, embarrassment, and like conditions as well as a loss of income and fringe benefits.

53. Defendant Hamilton's conduct was reckless, wanton, and outrageous.

WHEREFORE, Plaintiff Jane Doe requests compensatory damages for pain and suffering, mental anguish, and lost enjoyment of life; punitive damages; and all costs and any other such relief deemed just and proper by this Court, along with costs and expenses of this litigation.

## Count V
## Battery
## Jane Doe v. Defendant Charles Barr

54. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

55. Defendant Barr committed the following acts of harmful or offensive touching of Plaintiff Jane Doe on more than one occasion: following Plaintiff Jane into various rooms and

closing the door behind him and then grabbing Plaintiff Jane's waist.

56. Plaintiff Jane Doe did not consent to the aforementioned harmful or offensive touching by Defendant Barr.

57. As a direct and proximate result of Defendant Hamilton's conduct, Plaintiff Jane Doe suffered severe humiliation, inconvenience, mental distress, embarrassment, and like conditions as well as a loss of income and fringe benefits.

58. Defendant Hamilton's conduct was reckless, wanton, and outrageous.

WHEREFORE, Plaintiff Jane Doe requests compensatory damages for pain and suffering, mental anguish, and lost enjoyment of life; punitive damages; and all costs and any other such relief deemed just and proper by this Court, along with costs and expenses of this litigation.

### Count VI
### False Imprisonment
### Jane Doe v. Defendant Charles Barr

59. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

60. Defendant Barr falsely imprisoned Plaintiff Jane Doe when he entered a bathroom she was assigned to clean and locked the door behind her, trapping her in the bathroom with him.

61. Defendant Barr intended to confine Plaintiff Jane Doe in the bathroom.

62. Defendant Barr intentionally locked the bathroom door to effectuate the confinement of Plaintiff Jane Doe.

63. Plaintiff Jane Doe was aware that she was confined by Defendant Barr and the confinement.

64. As a direct and proximate result of Defendant Hamilton's conduct, Plaintiff Jane Doe suffered severe humiliation, inconvenience, mental distress, embarrassment, and like

conditions as well as a loss of income and fringe benefits.

65. Defendant Hamilton's conduct was reckless, wanton, and outrageous.

WHEREFORE, Plaintiff Jane Doe requests compensatory damages for pain and suffering, mental anguish, and lost enjoyment of life; punitive damages; and all costs and any other such relief deemed just and proper by this Court, along with costs and expenses of this litigation.

### Count VII
### Invasion of Privacy—Intrusion Upon Seclusion
### Jane Doe v. Defendant Alexander Villers

66. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

67. Defendant Villers intentionally intruded upon Plaintiff Jane Doe's solitude or seclusion when he sent her, when she was a minor at the time, a snapchat of himself naked displaying his aroused genitalia.

68. Defendant Villers's conduct was substantial and highly offensive.

69. As a direct and proximate result of Defendant Villers's conduct, Plaintiff Jane Doe suffered severe humiliation, inconvenience, mental distress, embarrassment, and like conditions as well as a loss of income and fringe benefits.

70. Defendant Villers's conduct was reckless, wanton, and outrageous.

WHEREFORE, Plaintiff Jane Doe requests compensatory damages for pain and suffering, mental anguish, and lost enjoyment of life; punitive damages; and all costs and any other such relief deemed just and proper by this Court, along with costs and expenses of this litigation.

**JURY TRIAL DEMANDED**

Respectfully submitted:

*/s/ Colleen E. Ramage*
Colleen E. Ramage
PA I.D. No. 64413

Nikki Velisaris Lykos
PA I.D. No. 204813

**Ramage Lykos, LLC**
525 William Penn Place, 28th Floor
Pittsburgh, PA 15219
(412) 325-7700
cramage@ramagelykos.law
nlykos@ramagelykos.law


Gary F. Lynch
PA I.D. No. 56887

Kelly K. Iverson
PA I.D. No. 307175

**Lynch Carpenter LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243
gary@lcllp.com
kelly@lcllp.com